UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, as subrogee of 1069 WASHINGTON STREET DOT LLC,<br><br>Plaintiff,<br><br>v.<br><br>OMAR PAVING INC.,<br><br>Defendant. | Case No.: 23-cv-10596 |

## COMPLAINT AND JURY DEMAND

Plaintiff, Selective Insurance Company of the Southeast, as subrogee of 1069 Washington Street Dot LLC, by and through its undersigned attorneys, hereby demands judgment against Defendant, Omar Paving Inc., and avers as follows:

## PARTIES

1.      Plaintiff, Selective Insurance Company of the Southeast, as subrogee of 1069 Washington Street Dot LLC ("Selective" or "Plaintiff"), is an Indiana corporation with a principal place of business located at 900 E. 96th Street, Indianapolis, IN 46240 and, at all times relevant hereto, was authorized to issue policies of insurance in the Commonwealth of Massachusetts.

2.      At all times relevant hereto, Selective's subrogor, 1069 Washington Street Dot LLC ("1069 Washington Street"), owned the property located at 1069 Washington Street, Dorchester, MA 02124 ("the loss location").

3.      At all times relevant hereto, Selective provided insurance coverage to 1069 Washington Street for the property at the loss location.

4.      Defendant, Omar Paving Inc. ("Omar Paving" or "Defendant"), is a Massachusetts corporation with a principal place of business located at 96 Kendall Avenue, Framingham, MA 01701 and, at all times relevant hereto, was engaged in the business of, *inter alia*, installing asphalt and/or performing hot work.

## JURISDICTION

5.      Pursuant to 28 U.S.C. § 1332, jurisdiction is vested with the United States District Court for the District of Massachusetts because there is diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

6.      Pursuant to 28 U.S.C. § 1391, et seq., venue is proper in the United States District Court for the District of Massachusetts, Eastern Division, because the events which gave rise to this cause of action occurred in Suffolk County, Massachusetts, which is embraced within this judicial district, and Defendant resides in Middlesex County, Massachusetts, which is embraced within this judicial district.

## STATEMENT OF FACTS

7.      On or about December 3, 2021, a fire occurred at the loss location ("the fire").

8.      At the time of the fire and/or immediately prior to the fire, Omar Paving was installing asphalt and/or performing hot work at the loss location.

9.      The fire was caused by Omar Paving's acts and/or omissions in the course of installing asphalt and/or performing hot work at the loss location.

10.     As a result of the fire, 1069 Washington Street sustained damage to its property at the loss location.

30423765v.1

11.     Pursuant to its policy of insurance with 1069 Washington Street, Selective indemnified its subrogor in the amount of One Million, Nine Thousand, Six-Hundred and Fifty Dollars and Sixty-Seven Cents ($1,009,650.67) for damages sustained as a result of the fire.

12.     By virtue of the aforementioned indemnity payments and pursuant to the terms of 1069 Washington Street's insurance policy and common law principles of equitable subrogation, Selective is subrogated to the extent of all payments made to or on behalf of 1069 Washington Street for the fire.

## COUNT I - NEGLIGENCE

13.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

14.     Omar Paving owed a duty of care to 1069 Washington Street to install asphalt and/or perform hot work at the loss location in accordance with the standards recognized and ordinarily employed within Omar Paving's industry and/or to prevent damage to the loss location.

15.     Omar Paving, by and through its agents, employees, contractors, subcontractors, and/or workers, acting in the course and scope of their employment, breached its duty of care to 1069 Washington Street through one or more of the following acts and/or omissions:

        a)      causing the fire;

        b)      igniting the loss location with a blowtorch;

        c)      improperly using a blowtorch at the loss location;

        d)      failing to properly protect the loss location from the risk of fire during installation of asphalt and/or performance of hot work;

        e)      improperly installing asphalt and/or performing hot work at the loss location;

f)      failing to maintain a proper fire watch during and/or after the installation of asphalt and/or performance of hot work at the loss location;

g)      failing to have a fire extinguisher readily available during and/or after the installation of asphalt and/or performance of hot work at the loss location;

h)      failing to install asphalt and/or perform hot work at the loss location in accordance with the Massachusetts Fire Code, NFPA 51B, and/or NFPA 1;

i)      failing to obtain a hot work permit for the installation of asphalt and/or performance of hot work at the loss location;

j)      failing to promptly detect and/or discover the fire;

k)      failing to properly perform a fire watch during and/or following the installation of asphalt and/or performance of hot work at the loss location;

l)      failing to properly train employees, agents, servants, workers, representatives, subcontractors and/or subagents regarding installation of asphalt and/or performance of hot work at the loss location; and/or

m)     failing to retain competent employees, agents, servants, workers, representatives, subcontractors and/or subagents to install asphalt and/or perform hot work at the loss location.

16.    The acts and/or omissions of Omar Paving were the direct and proximate cause of the fire and the resulting damages.

17.    As a direct and proximate result of Omar Paving's negligence, 1069 Washington Street sustained property damages, for which Selective made payments to/on behalf of its insured in the amount of One Million, Nine Thousand, Six-Hundred and Fifty Dollars and Sixty-Seven Cents ($1,009,650.67).

**WHEREFORE**, Plaintiff demands judgment against Defendant, Omar Paving Inc., in the amount of One Million, Nine Thousand, Six-Hundred and Fifty Dollars and Sixty-Seven

Cents ($1,009,650.67), plus interest, and other such relief as this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all such triable issues herein.

Respectfully Submitted,

Plaintiff,
**SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, as subrogee of 1069 WASHINGTON STREET DOT LLC**
By its attorney,

/s/ Timothy J. Keough
Timothy J. Keough (BBO # 691562)
WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA 02110
Tel: (617) 748-5200
Fax: (617) 748-5201
keought@whiteandwilliams.com

Dated: March 17, 2023

30423765v.1